# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

BOBBI CONSTANTINE,

                              Plaintiff,                    1:20-cv-00022 (BKS/ATB)

v.

BEACH CAPITAL PARTNERS, JOHN DOE,
JANE DOE, and QUICKEN LOANS,

                              Defendants.

**Appearances:**

*Plaintiff pro se:*
Bobbi Constantine
Cohoes, New York 12047

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER FOR REMAND

      Plaintiff Bobbi Constantine filed suit in South Carolina Circuit Court, Horry County, on July 8, 2019 alleging that Defendants Beach Capital Partners, John Doe, Jane Doe, and Quicken Loans ("Defendants") illegally foreclosed her property in Myrtle Beach, South Carolina. (Dkt. No. 2). On January 7, 2020, Plaintiff removed the case from South Carolina Circuit Court to the Northern District of New York, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332, because "[t]here is complete diversity of citizenship," as Plaintiff is "a resident of the state of New York" and "Defendants are residents of the state o[f] South Carolina." (Dkt. No. 1, at 1).

      "Provisions governing the procedures for removal of actions to federal court and the review of orders remanding those actions to state court are set out in 28 U.S.C. §§ 1441–1452." *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993). Notably, "no section

provides for removal by a plaintiff." *Id*. (citing 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3731, at 502 (1985) ("Plaintiffs cannot remove . . .")); *see also Jones v. City of Buffalo*, 867 F. Supp. 1155, 1165 (W.D.N.Y. 1994) ("[T]he removal of a case from state to federal court is a right available only to a defendant or defendants.").

"An action removed other than in accordance with the statutory provisions," such as a plaintiff removing a case from state court, "may be remanded to state court." *Id*. Specifically, "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. 1447(c). Thus, in order to timely remand a case *sua sponte* on procedural grounds, the Second Circuit has held that a court must remand the case within 30 days after the notice of removal was filed. *See Hamilton*, 5 F.3d at 644 ("[A]n order remanding on procedural grounds either upon an untimely motion or *sua sponte* more than 30 days after removal . . . is not authorized by § 1447(c).").

In this case, Plaintiff improperly removed the case from state to federal court on January 7, 2020. (Dkt. No. 1). Even if this Court could properly exercise diversity jurisdiction over this case, only Defendants had the power to remove the case to federal court. *See* 28 U.S.C. §§ 1441, 1446. As such, the Court remands this case to state court.

Accordingly, it is

**ORDERED** that this case is remanded to the South Carolina Circuit Court in Horry County; and it further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the clerk of the South Carolina Circuit Court in Horry County.

**IT IS SO ORDERED.**

Dated: January 15, 2020
      Syracuse, New York

_/s/ Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge